# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

JAYSON STERLING ROBINSON,

            Petitioner,

v.

ATTORNEY GENERAL FOR THE STATE OF ALASKA, *et al.*,

            Respondents.

Case No. 3:23-cv-00172-JMK

## ORDER OF DISMISSAL

On July 31, 2023, self-represented pretrial detainee in the custody of the State of Alaska, Jayson Sterling Robinson ("Petitioner"), filed a petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Section 2254") and paid the filing fee.[1] Although Mr. Robinson brings his claims under Section 2254, the Court construes the Petition as brought pursuant to 28 U.S.C. § 2241 ("Section 2241"), because Mr. Robinson is a pretrial detainee.[2] In his petition, Mr. Robinson seeks to challenge his pretrial detention alleging his counsel is ineffective and the state is violating his speedy trial rights.[3] Mr. Robinson also alleges violations of his constitutional rights.

---

[1] Docket 1.

[2] Section 2254 allows a state prisoner in custody pursuant to a state court judgment to challenge his sentence in federal court.

[3] Docket 1.

The Court takes judicial notice[4] of Petitioner's ongoing criminal case, *State of Alaska v. Robinson, Jayson,* Case No. 3AN-21-03533CR.[5] The trial court records indicate that the State filed the initial charging document on May 14, 2021, information replacing complaint on September 30, 2022 and February 9, 2023. The trial court ordered a competency evaluation on April 6, 2023, which was provided to the trial court and parties to the state case on April 25, 2023. Then, on August 22, 2023, the trial court issued its findings and order on Mr. Robinson's competence for legal proceedings.

## SCREENING REQUIREMENT

A court must "promptly examine" a habeas petition.[6] "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."[7] Upon screening, it plainly appears that Petitioner is not entitled to relief, and his petition must be dismissed.

---

[4] Fed. R. Evid. 201(b)(2) permits judicial notice of a fact that is "not subject to reasonable dispute because it: . . . (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted).

[5] Publicly available records of the Alaska Trial Courts may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

[6] Rule 4(b), Rules Governing Section 2254 Proceedings for the United States District Courts. *See also* Local Habeas Corpus Rule 1.1(c)(2) ("Except as otherwise specifically provided by statute, rule or order of the court . . . the Rules Governing Section 2254 Cases in the United States District Courts, apply to all petitions for habeas corpus relief filed in this court.").

[7] Rule 4(b), Rules Governing Section 2254 Proceedings for the United States District Courts.

Case No. 3:23-cv-00172-JMK, *Robinson v. Attorney General for the State of Alaska, et al.*
Order of Dismissal
Page 2 of 10
Case 3:23-cv-00172-JMK   Document 10   Filed 10/06/23   Page 2 of 10

## DISCUSSION

Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus and a civil rights complaint.[8] A writ of habeas corpus allows an individual to test the legality of being detained or held in custody by the government.[9] The writ is "a vital 'instrument for the protection of individual liberty' against government power."[10] Under Section 2241, the Court may grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States."[11] Section 2241 is the proper avenue for a state prisoner who seeks to challenge his state custody when there is no state judgment, such as here, where Mr. Robinson is challenging his pretrial detention.[12]

Upon screening, it plainly appears that Mr. Robinson is not entitled to habeas relief pursuant to § 2241 because the doctrine of *Younger* abstention compels the Court to abstain from exercising jurisdiction over Mr. Robinson's

---

[8] See *Muhammad v. Close*, 540 U.S. 749, 750 (2004).

[9] *Rasul,* 542 U.S. at 473.

[10] *Gage v. Chappell,* 793 F.3d 1159, 1167 (9th Cir. 2015) (quoting *Boumediene v. Bush,* 553 U.S. 723, 743 (2008)).

[11] 28 U.S.C. § 2241(c)(3).

[12] *Stow v. Murashige,* 389 F.3d 880, 886 (9th Cir. 2004) ("By contrast, the general grant of habeas authority in § 2241 is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment—for example, a defendant in pre-trial detention or awaiting extradition.") (quoting *White v. Lambert,* 370 F.3d 1002, 1006 (9th Cir. 2004)).

Case No. 3:23-cv-00172-JMK, *Robinson v. Attorney General for the State of Alaska, et al.*
Order of Dismissal
Page 3 of 10
Case 3:23-cv-00172-JMK   Document 10   Filed 10/06/23   Page 3 of 10

current petition. Further, a civil rights action is the proper method for challenging conditions of confinement.[13]

I. **Conditions of Confinement Claims**

When success of a petitioner's claim would not necessarily lead to his immediate or earlier release from confinement, the claim does not fall within "the core of habeas corpus" and the claim must be brought under 42 U.S.C. § 1983 ("Section 1983").[14] "A habeas court has the power to release a prisoner but has no other power."[15] Therefore, Mr. Robinson's claims involving alleged civil rights violations, such as excessive force, may not proceed in a habeas action.

II. **Speedy Trial**

When examining a Section 2241 petition from a pretrial detainee claiming a violation of his right to a speedy trial, a significant delay in the proceedings must be shown.[16] The four-part test to determine whether government delay had abridged a defendant's Sixth Amendment right to a speedy trial includes: (1) the length of the delay; (2) the reasons for the delay; (3) the accused's assertion of the right to speedy trial; and (4) the prejudice caused by the delay. No single factor is

---

[13] *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (internal quotations and citations omitted).

[14] *Nettles,* 830 F.3d at 935.

[15] *Douglas v. Jacquez,* 626 F.3d 501, 504 (9th Cir. 2010) (citation omitted).

[16] *See Barker v. Wingo*, 407 U.S. 514, 530–31 (1972).

Case No. 3:23-cv-00172-JMK, *Robinson v. Attorney General for the State of Alaska, et al.*
Order of Dismissal
Page 4 of 10
Case 3:23-cv-00172-JMK   Document 10   Filed 10/06/23   Page 4 of 10

necessary or sufficient.[17] However, even if a habeas challenge to a pretrial situation states a possible claim of constitutional error, this does not mean that the claim should be considered by a federal court while the state criminal case is pending.

## III. Younger Abstention

The *Younger* abstention, first announced by the U.S. Supreme Court in *Younger v. Harris*,[18] requires that "[w]hen there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution."[19] *Younger* abstention applies when the following four requirements are met:

> (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding.[20]

If a case satisfies these four factors, a federal court must abstain from exercising jurisdiction over it unless there is "a showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate."[21]

---

[17] *McNeely,* 336 F.3d at 826 (internal citations omitted).

[18] 401 U.S. 37 (1971).

[19] *Sprint Commc'ns, Inc. v. Jacobs,* 571 U.S. 69, 72 (2013).

[20] *Bean v. Matteucci*, 986 F.3d 1128, 1133 (9th Cir. 2021) (quoting *Page v. King*, 932 F.3d 898, 901–02 (9th Cir. 2019)).

[21] *Id.* (quoting *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018)).

Case No. 3:23-cv-00172-JMK, *Robinson v. Attorney General for the State of Alaska, et al.*
Order of Dismissal
Page 5 of 10
Case 3:23-cv-00172-JMK   Document 10   Filed 10/06/23   Page 5 of 10

The Ninth Circuit has recognized an "irreparable harm" exception to *Younger* abstention that applies "under extraordinary circumstances where the danger of irreparable loss is both great and immediate."[22] Under the irreparable harm exception, *Younger* abstention

> does not require a district court to abstain from hearing a petition for a writ of habeas corpus challenging the conditions of pretrial detention in state court where (1) the procedure challenged in the petition is distinct from the underlying criminal prosecution and the challenge would not interfere with the prosecution, or (2) full vindication of the petitioner's pretrial rights requires intervention before trial.[23]

The Ninth Circuit has applied this exception to a pretrial detainee's "colorable claim that a state prosecution [would] violate the Double Jeopardy Clause,"[24] to "a challenge to pretrial detention on the basis of a stale and scientifically invalid probable cause determination,"[25] to "a pretrial detainee's claim that he had been incarcerated for over six months without a constitutionally adequate bail hearing,"[26]

---

[22] *Id.* (quoting *World Famous Drinking Emporium, Inc. v. City of Tempe*, 820 F.2d 1079, 1082 (9th Cir. 1987)).

[23] *Page*, 932 F.3d at 903 (internal citations and quotations omitted).

[24] *Bean*, 986 F.3d at 1133–34 (quoting *Dominguez v. Kernan*, 906 F.3d 1127, 1131 n.5 (9th Cir. 2018)).

[25] *Id.* at 1134 (citing *Page*, 932 F.3d at 904).

[26] *Id.* (citing *Arevalo*, 882 F.3d at 766–67).

Case No. 3:23-cv-00172-JMK, *Robinson v. Attorney General for the State of Alaska, et al.*
Order of Dismissal
Page 6 of 10
Case 3:23-cv-00172-JMK   Document 10   Filed 10/06/23   Page 6 of 10

and to a pretrial detainee's challenge of "forcible administration of antipsychotic medications."[27]

But the Ninth Circuit has not applied this exception to pre-conviction habeas petitions that "seek[] to vindicate a petitioner's speedy trial affirmative defense."[28] As explained in *Page*, "the speedy trial defense primarily protects the integrity of the trial itself" and, like most trial rights, "can be vindicated through reversal of the improperly-obtained conviction."[29]

Mr. Robinson's petition meets each of the four *Younger* abstention requirements. First, Mr. Robinson's case is an ongoing state proceeding. Secondly, Mr. Robinson was charged with assault and theft on May 14, 2021.[30] Then, on May 31, 2021, September 23, 2022, and December 21, 2022, additional charges were added for violating the conditions of release by what appear to be attempts to escape or evade electronic monitoring.[31] The State of Alaska has an

---

[27] *Id.* at 1134–36.

[28] *Id.* at 1134 (citing *Brown v. Ahern*, 676 F.3d 899, 900 (9th Cir. 2012); *Carden v. Montana*, 626 F.2d 82, 83 (9th Cir. 1980)).

[29] 932 F.3d at 904.

[30] *See State of Alaska vs. Robinson, Jayson,* 3AN-21-03533CR, Charge # 1: AS11.41.220(a)(1)(A): Assault 3-Cause Fear Of Injury w/ Weapon; and Charge 2: AS11.46.150(a): Theft 4-Less than $250.

[31] *See id.*, Charges 3, 4 and 6 (AS11.56.320(a)(4)(A): Escape 3-Release Misdemeanor Electronic Monitor (Class C Felony)).

Case No. 3:23-cv-00172-JMK, *Robinson v. Attorney General for the State of Alaska, et al.*
Order of Dismissal
Page 7 of 10
Case 3:23-cv-00172-JMK   Document 10   Filed 10/06/23   Page 7 of 10

important interest in prosecuting cases involving allegations of assault and theft.[32] Therefore, the second requirement is met.

Third, Petitioner has not alleged facts to suggest he cannot raise his claims in state court, such as in a pretrial motion or during trial. Moreover, claims such as speedy trial and ineffective assistance of counsel, if cognizable as constitutional claims, are more appropriately raised in his pending criminal case, on direct appeal should he be convicted, or in state post-conviction relief proceedings. Further, such claims must be properly exhausted before they can be brought in petition for habeas corpus in a federal court.[33] Therefore, the third requirement is met. Finally, the injunctive relief that Petitioner seeks—release and dismissal of the charges—would effectively enjoin his prosecution.[34]

In his petition, Petitioner has not alleged any specific facts that demonstrate an extraordinary circumstance warranting the Court's interference with the Alaska Court System's regular judicial procedure.[35] The emotional toll and inconvenience of defending criminal charges are not the kind of special circumstances or

---

[32] *Cf. Bean,* 986 F.3d at 1133 ("[T]he state has an important interest in prosecuting a murder case[.]").

[33] See 28 U.S.C. §§ 2254(b)(1), (c); *see also Gray v. Netherland,* 518 U.S. 152, 161 (1996).

[34] Docket 1 at 8.

[35] *Jones v. Perkins,* 245 U.S. 390, 391–92 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial.") (citations omitted).

Case No. 3:23-cv-00172-JMK, *Robinson v. Attorney General for the State of Alaska, et al.*
Order of Dismissal
Page 8 of 10
Case 3:23-cv-00172-JMK   Document 10   Filed 10/06/23   Page 8 of 10

irreparable harm to justify federal habeas intervention.[36]  Moreover, neither Petitioner's allegations nor the state court record supports a finding of harassment or bad faith on the part of the state prosecution that might warrant piercing the veil of abstention.[37]  Consequently, Petitioner has not presented viable grounds for a habeas petition under 28 U.S.C. § 2241; so the Court must not interfere with the State of Alaska's jurisdiction.[38]  For the reasons above, the petition must be dismissed without prejudice.  Dismissal without prejudice will not materially impact the analysis of any issue in a later filed habeas or Section 1983 proceeding, or otherwise result in substantial prejudice.

**IT IS THEREFORE ORDERED:**

1. The Petition at Docket 1 is **DISMISSED without prejudice.**

2. All pending motions are **DENIED as moot.**

3. The Clerk of Court is directed to enter a final judgment.

---

[36] *Younger,* 401 U.S. at 46, 53–54.

[37] *See Juidice v. Vail,* 430 U.S. 327, 338 (the bad faith exception "may not be utilized unless" petitioner can allege and prove that the state prosecution is "in bad faith or [is] motivated by a desire to harass."); *Kugler v. Helfant,* 421 U.S. 117, 126 n.6 (1975) (Bad faith "generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction."); *Canatella v. Cal.,* 404 F.3d 1106, 1112 (9th Cor. 2005) (the bad faith exception requires more than mere conclusory allegations to invoke).

[38] *See generally* U.S. CONST. Art. IV § 2, cl. 2.  *See also Brown v. Ahern*, 676 F.3d 899, 900 (9th Cir. 2012) ("the 'logical implication' of *Younger* 's rule against enjoining state proceedings is that abstention principles likewise prohibit a federal court from considering a pre-conviction habeas petition that seeks preemptively to litigate an affirmative constitutional defense unless the petitioner can demonstrate that 'extraordinary circumstances' warrant federal intervention.").

Case No. 3:23-cv-00172-JMK, *Robinson v. Attorney General for the State of Alaska, et al.*
Order of Dismissal
Page 9 of 10
Case 3:23-cv-00172-JMK   Document 10   Filed 10/06/23   Page 9 of 10

4. A certificate of appealability shall not issue.[39]

DATED this 6th day of October, 2023, at Anchorage, Alaska.

/s/ Joshua M. Kindred
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

---

[39] 28 U.S.C. §2253(c)(1)(A). *See also Wilson v. Belleque,* 554 F.3d 816, 825 (9th Cir. 2009) ("[A] state prisoner who is proceeding under § 2241 must obtain a [Certificate of Appealability] under § 2253(c)(1)(A) in order to challenge process issued by a state court.").

Case No. 3:23-cv-00172-JMK, *Robinson v. Attorney General for the State of Alaska, et al.*
Order of Dismissal
Page 10 of 10
Case 3:23-cv-00172-JMK   Document 10   Filed 10/06/23   Page 10 of 10